IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RANDY K. BARKER,

    Defendant.

No. 2:12-cr-00266 KJM-1

ORDER

/

Defendant is charged in a three-count indictment with violating 18 U.S.C. §§ 286, 287 and 1957 (counts one, two, and three, respectively). Defendant brings this motion to dismiss count two under § 287, arguing this charge violates Wharton's Rule. (ECF 84.) The court heard argument on this motion on January 16, 2013. James Greiner appeared for defendant; Jared Dolan appeared for the United States. For the following reasons, defendant's motion is DENIED.

I.     RELEVANT FACTS

As relevant to the pending motion, defendant is charged with making fraudulent claims against the government under § 287 (count one) and with conspiracy to defraud the government with false claims under § 286 (count two). (ECF 18.)

## II. LEGAL STANDARD

Wharton's Rule provides that: "An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." *Ianelli v. United States*, 420 U.S. 770, 773-74 n.5 (1975) (citing 1 RONALD A. ANDERSON, WHARTON'S CRIMINAL LAW AND PROCEDURE § 89, at 191 (1957)). Whether a substantive crime offends Wharton's Rule is determined by examining the statutory requirements of the charge, not the evidence in the case. *See United States v. Ohlson*, 552 F.2d 1347, 1349-50 (9th Cir. 1977). However, even if a prosecution might pose a Wharton's Rule problem, courts must still look to whether Congress intended to maintain a distinction between conspiracy and the associated substantive offense. *Id.* at 1350; *see also United States v. Rone*, 598 F.2d 564, 570 (9th Cir. 1979). Congress's intent to maintain a distinction is dispositive because the Rule is "an aid to statutory construction rather than a controlling principle of law[,] and only in the absence of legislative intent to the contrary does the Rule create a judicial presumption of merger . . . ." *Ohlson,* 552 F.2d at 1349.

## III. ANALYSIS

Defendant avers that count two, conspiracy to defraud the government under section 286, should be dismissed because it violates Wharton's Rule. (ECF 84.) Pointing to the parties' proposed jury instructions, defendant argues this crime necessarily requires two or more people for its commission. (*Id.* at 3-4.) In response, the government contends, among other things, that even if the charges in this case posed a Wharton's Rule problem, dismissal would be inappropriate because Congress has demonstrated its intent to maintain a distinction between the substantive offensive of fraud (§ 287) and the associated conspiracy charge (§ 286). (ECF 89 at 3-4.)

Even if a Wharton's Rule problem existed here, dismissal would be inappropriate. Section 286 is one of the few remaining specific conspiracy statutes that survived a revision of the criminal code in 1948, when many such conspiracy statutes were deleted. *United States v.*

*Lanier*, 920 F.2d 887, 894 (11th Cir. 1991); *see also United States v. Uzzell*, 780 F.2d 1143, 1146 (4th Cir. 1986) (examining sections 286 and 287 and noting that, despite being sequentially numbered with the substantive offense under section 287, conspiring to defraud the government carries a higher maximum penalty than the substantive offense). The fact that Congress retained section 286 to punish conspiracy to commit the substantive offense, and numerically juxtaposed it with the substantive offense, is "persuasive evidence" of Congressional intent to create a separate offense. *See Ohlson*, 552 F.2d at 1349. The court concludes that Congress intended to maintain a distinction between the substantive crime of defrauding the government with false claims (§ 287) and the associated conspiracy charge of conspiring to defraud the government with false claims (§ 286). *See id.* at 1350. Dismissal of the section 286 charge is not warranted. *Id.*

IV. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: January 22, 2013.

_____
UNITED STATES DISTRICT JUDGE