IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR S-12-0266 KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINAL JURY INSTRUCTIONS |
| | ) | |
| RANDY K. BARKER, | ) | |
| | ) | |
| Defendant. | ) | |

DATED:  February 13, 2013.

_____
UNITED STATES DISTRICT JUDGE

1

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

Because of the presumption of innocence, a defendant does not have to prove innocence.  The burden of proof is always on the government and never shifts to the defendant.

The burden on the government is to prove every element of the charges beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty.  However, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

        (1) the sworn testimony of any witness;

        (2) the exhibits received into evidence; and

        (3) any facts to which the parties have agreed.

INSTRUCTION NO. 4

In reaching your verdict you may consider only the testimony and exhibits received into evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.

Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Charts and summaries shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard the charts and summaries and determine the facts from the underlying evidence.

////

////

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

2        Evidence may be direct or circumstantial.  Direct evidence is

3   direct proof of a fact, such as testimony by a witness about what

4   that witness personally saw or heard or did.  Circumstantial

5   evidence is indirect evidence, that is, it is proof of one or more

6   facts from which you could find another fact.

7        You are to consider both direct and circumstantial evidence.

8   Either can be used to prove any fact.  The law makes no distinction

9   between the weight to be given to either direct or circumstantial

10  evidence.  It is for you to decide how much weight to give to any

11  evidence.

INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the witness's opportunity and ability to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 7

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 8

A defendant in a criminal case has a constitutional right not to testify. The defendant does not have to testify or present any evidence to prove he is not guilty. You may not draw any inference of any kind from the fact that the defendant did not testify.

INSTRUCTION NO. 9

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 10

The defendant is charged in Count One of the indictment with conspiring to defraud the United States in violation of Section 286 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to defraud the United States government by obtaining the payment or allowance of any false, fictitious, or fraudulent claim; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as

12

responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 11

The defendant is charged in Count Two of the Indictment with a violation of Title 18, United States Code, Section 287. This law makes it a crime to knowingly make a false or fraudulent claim against any department or agency of the United States. The Internal Revenue Service is a department or agency of the United States within the meaning of that law.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that the defendant knowingly presented a false claim against the United States to an agency of the United States;

Second, that the claim was based on a false or fraudulent material fact; and

Third, that the defendant acted intentionally and knew that the claim was false and fraudulent.

A fact is material if it "had a natural tendency to influence, or was capable of influencing, the decisionmaker or decisionmaking body to which it was directed."

The defendant is charged in Count Three of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud, in violation of Title 18, United States Code, Section 1343; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the transfer, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. The term "financial institution" means a commercial bank or a bank that is insured by the Federal Deposit Insurance Corporation. The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of wire fraud. Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the

government does not have to prove that all of the property at issue was criminally derived.

INSTRUCTION NO. 13

Regarding the fourth element of Count Three, that the defendant engaged in a monetary transaction derived from wire fraud under Title 18, United States Code, Section 1343, the elements of wire fraud are:

First, an individual made up or participated in a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the individual knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the individual acted with the intent to defraud; and

Fifth, that the individual used, or caused to be used, wire, radio or television communication in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

A wire, radio or television communication is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonable foresee such use. It does not matter whether the communication was itself false or deceptive so long as the communication was used as an important part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 14

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 15

An intent to defraud is an intent to deceive or cheat.

INSTRUCTION NO. 16

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 17

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify

the court immediately. Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

INSTRUCTION NO. 18

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

23

INSTRUCTION NO. 19

        The punishment provided by law for this crime is for the court
to decide.  You may not consider punishment in deciding whether the
government has proved its case against the defendant beyond a
reasonable doubt.

INSTRUCTION NO. 20

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 21

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.